MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Douglas Harris Brown, Jr., | No. CV-24-02282-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County, et al., | |
| Defendants. | |

Self-represented Plaintiff Jerry Douglas Harris Brown, Jr., who is proceeding in forma pauperis, was confined in a Maricopa County Jail when he filed this civil rights action but is now confined in the Arizona State Prison Complex-Yuma. In a November 25, 2024 Order, the Court dismissed Plaintiff's Complaint because Plaintiff had failed to state a claim and gave Plaintiff leave to file an amended complaint that cured the deficiencies identified in the Order.

Plaintiff then filed a First Amended Complaint. In a February 19, 2025 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and gave Plaintiff an opportunity to file a second amended complaint that cured the deficiencies identified in the Order.

Plaintiff then filed a Second Amended Complaint. Subsequently, he filed a Third Amended Complaint (Doc. 15). The Court will dismiss the Third Amended Complaint and this action.

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

## II. Third Amended Complaint

In his five-count Third Amended Complaint, Plaintiff sues Defendants Maricopa County, Correctional Health Services, former Maricopa County Sheriff Russell Skinner, Jail Commander Patrick King, Captain King, and Sergeants Rogers and Kirk. Plaintiff seeks monetary damages and his costs and attorney's fees.

Plaintiff makes the following allegations. Plaintiff was in his cell on July 9, 2024, waiting for his door to be opened so he could receive his morning medication, but the door never opened. He pressed his emergency button, but the tower officer "ignored" him. When an officer came into the housing unit, Plaintiff informed the officer "of [his] situation with . . . not rec[ei]ving [his] medication," explained the tower officer had not responded to the emergency button, and asked the officer to have the emergency button reset.

Plaintiff notified another officer that he had not received his medication. According to the officer, the tower officer claimed she had opened Plaintiff's door, but Plaintiff had refused his medication.

Plaintiff also states he had a seizure at the jail in April 2024, which "could have been avoided" if he had received his seizure medication. He claims Defendant Correctional Health Services and the County Jail "allow[ed]] this to happen." Plaintiff alleges that after he had the seizure, he was not taken to the hospital, even though he complained of pain in his head, had bruising on his forehead, and could not see out of his right eye. He claims he was eventually taken to the hospital and was referred to an eye specialist who told Plaintiff he would need surgery on his right eye. It appears Plaintiff is waiting to receive eye surgery.

In **Count One**, Plaintiff contends his Eighth and Fourteenth Amendment rights to medical care were violated during the July 9, 2024 incident. He alleges Defendants' actions caused him "unnecessary pain . . . which could [have] been avoided." Plaintiff claims that because of Defendants' acts and omissions, he has suffered severe, debilitating, and permanent "physical and emotional injuries" and has incurred "expenses for medical care and hospital expenses," which will continue until he has eye surgery.

In **Count Two**, Plaintiff asserts his Eighth and Fourteenth Amendment rights to medical care were violated because of the acts of the tower officer and Defendant Correctional Health Services's medical staff, who were "on the floor in the unit at this time" and "refused to come back and give [Plaintiff his] medication," even though "they had the chance to make sure [Plaintiff] rec[ei]ve[d] the proper medication." He contends this was deliberate indifference and caused him physical and emotional injuries and a "[d]eprivation of liberty and amenities [and] quality of life."

In **Counts Three through Five**, Plaintiff raises state law claims. In Count Three, he raises a "civil tort claim" for the denial of his "Fourteenth Amendment rights" and "deliberate indifference under the laws of the State of Arizona." He also contends there is "respond[eat] superior [liability] for the acts commanded by [Defendant Correctional Health Services] and any and all Defendants named in this [Third Amended] Complaint." In Count Four, he raises a negligence claim. In Count Five, he raises an intentional infliction of emotional distress claim.

### III. Discussion

#### A. Federal Claims

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

##### 1. Defendant Maricopa County

As explained in the November 25, 2024, and February 19, 2025 Orders, "[a] municipality may not be sued under [42 U.S.C.] § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005). A § 1983 claim against a municipal

defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Maricopa County maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Thus, the Court will dismiss Defendant Maricopa County.

### 2. Defendant Correctional Health Services

As explained in the February 19, 2025 Order, § 1983 imposes liability on any "person" who violates an individual's federal rights while acting under color of state law. Congress intended municipalities and other local government units to be included among those persons to whom § 1983 applies. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 689-90 (1978).

Defendant Correctional Health Services is an administrative subdivision of Maricopa County. It is not a municipal corporation, local governing body, or private corporation, and, therefore, it is not a "person" amenable to suit under § 1983. Thus, the Court will dismiss Defendant Correctional Health Services.

### 3. Remaining Defendants

As explained in the November 25, 2024, and February 19, 2025 Orders, to state a valid claim under § 1983, plaintiffs must allege they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell*, 436 U.S. 658; *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is

inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

In his federal claims, Plaintiff has not alleged Defendants Skinner, Rogers, Kirk, Patrick King, and Captain King personally participated in a deprivation of Plaintiff's constitutional rights, were aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff makes no allegations at all against these Defendants in Counts One and Two. The Court, therefore, will dismiss the federal claims against these Defendants.

### B. State Law Claims

The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because Plaintiff's federal claims have been dismissed. *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice). Thus, the Court will dismiss without prejudice Plaintiff's state-law claims.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Third Amended Complaint, the Court will dismiss his Third Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

1    Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Third Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)    The Third Amended Complaint (Doc. 15) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 18th day of August, 2025.

*[Signature]*
James A. Teilborg
Senior United States District Judge